IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IAN ELFENBEIN, LORENZO CASTILLO, and TOM BERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware limited liability company, SONY CORPORATION OF AMERICA, a New York Corporation, SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Civil Action No.:<br><br>Honorable:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Tom Berman, Ian Elfenbein and Lorenzo Castillo (hereinafter collectively referred to as "Plaintiffs") bring this action individually and on behalf of the Plaintiff Class defined below against Defendants Sony Computer Entertainment America, LLC, Sony Corporation of America, and Sony Network Entertainment International, LLC, (hereinafter collectively referred to as "Sony" or "Defendants") based upon information and belief and the investigation of counsel, except for information based upon personal knowledge, and hereby allege as follows:

## I. INTRODUCTION

1. This action is brought on behalf of Plaintiffs individually, and as class representatives for all others similarly situated nationwide, against Sony to redress Defendants' breach of warranty, negligent data security, violations of consumers' rights of privacy, failure to protect those rights, and failure and on-going refusal to timely inform consumers of unauthorized

third party access to their credit card account and other nonpublic and private financial information. Specifically, Defendants failed to adequately secure consumers' credit and debit card information, personal information, and Playstation Network usage information.

2. On April 26, 2011, The Wall Street Journal reported that "[a] hacker stole the names, birth dates and possibly credit-card numbers for 77 million people who play online videogames through Sony Corp.'s PlayStation console, in what could rank among the biggest data breaches in history."

3. The Defendants' failure to comply with industry standards and regulations, the failure to inform consumers whose financial and personal information were compromised in a timely manner, and the magnitude of the data breach cumulatively reveal Defendants' negligence and other wrongful conduct by failing to adequately safeguard and monitor the Playstation Network to ensure the security of its consumers' personal and financial data, thereby exposing consumers to an extraordinary risk of fraud and identity theft.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d), as the matter in controversy exceeds 5 million, at least one Plaintiff has diverse citizenship from at least one Defendant, and there are more than 100 class members.

5. Venue is proper in this court.

## III. PARTIES AND STANDING

6. Plaintiff Ian Elfenbein was at all times relevant hereto a resident of the State of Michigan, County of Ingham.

7. Plaintiff Tom Berman was at all times relevant hereto a resident of the State of Michigan, County of Ingham.

8. Plaintiff Lorenzo Castillo was at all times relevant hereto a resident of the State of Michigan, County of Ingham.

9. At all relevant times during the class period, Plaintiffs Berman, Elfenbein and Castillo maintained subscriptions to and were members of The Playstation Network.

10. Defendant Sony Computer Entertainment America, LLC ("SCEA") is a Delaware limited liability company with its executive offices and principal place of business and corporate headquarters at 919 East Hillside Boulevard, Foster City, California 94404.

11. Defendant Sony Network Entertainment International, LLC ("SNEI") is a Delaware limited liability company with its executive offices and principal place of business and corporate headquarters at 6080 Center Drive Los Angeles, California.

12. Defendant Sony Corporation of America, Inc. ("SCA") is a New York corporation with its principal place of business located at 550 Madison Avenue, 27th Floor, New York, NY 10022.

## IV. CLASS ALLEGATIONS

13. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 and other applicable rules of civil procedure.

14. Plaintiffs seek to represent a class of persons defined as follows:

> All persons in the United States who have had their personal or financial data exposed and compromised from The Playstation Network's computer system, and who were or may be damaged or who allege damage therefrom (hereinafter "Class").

The Class period dates back four years (or the length of the longest applicable statute of limitations for any claim asserted) from the date this action was originally filed and continues through the present and the date of judgment. Excluded from the Class are: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or

family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case.

15. **Numerosity:** Members of the Class as described above are so numerous as to make it impracticable to join all individual members as Plaintiffs in one action. It is unknown what the approximate number of members is only the Defendants know that information, However, Plaintiff has the information and belief that there are at a minimum 1 million class members. The litigation of the questions of law and fact involved in this action will resolve the rights of all members of the Class and will, therefore, have binding effect on all class members

16. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notices, first-class mail, and combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court. Class Members can be readily identified from business records, billing systems, and other electronic records of the Defendants and other means readily available to the Defendants, and thus by the Plaintiff, through minimally intrusive discovery.

17. **Typicality**: The claims of Plaintiff are typical of the claims of the Class, as the claims of Plaintiff and all Class members arise from the same set of facts regarding Defendants' failure to protect Class members' personal and financial data. Plaintiff maintains no interest antagonistic to the interests of other Class members. The relief sought is common, unitary, and class-wide in nature.

18. **Common Questions of Fact and Law**: There are questions of law and fact common to all members of the Class which predominate over any questions solely affecting individual members, including, but not limited to:

a. whether Defendants acted negligently in failing to properly safeguard Class members' financial and personal data;

b. whether Defendants violated industry standards concerning the handling and storage of Class members financial and personal data;

c. whether Defendants unreasonably delayed notifying Class members of the security breach;

d. whether Defendants breached express or implied contracts;

e. whether Defendants concealed the vulnerabilities of The Playstation Network; and

f. whether Plaintiff and the Class have been damaged and the type of damage resulting from Defendants' unlawful conduct.

19. **Adequacy of Representation**: Plaintiff and the undersigned counsel are adequate representatives of the Class. Given Plaintiff's heightened risk of identity theft, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class. Plaintiff has no interests antagonistic to those of the Class. Plaintiff is a member of the Class. Plaintiff has retained counsel experienced in the prosecution of class action litigation.

20. **Superiority:** This action is maintainable as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

21. The certification of a class in this action is superior to the litigation of a multitude of cases by members of the putative class. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Equity dictates that all persons who stand to

benefit from the relief sought herein should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among the class members in relationship to the benefits received. The economic damages, restitution and other potential recovery for each individual member of the Class are modest, relative to the substantial burden and expense of individual prosecution of these claims. Given the amount of the individual class members' claims, few, if any, class members could afford to seek legal redress individually for the wrongs complained of herein. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

In the alternative, the above-referenced class may be certified because:

a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual class members' claims which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudications which would as a practical matter be dispositive of the interests of other members of the class who are not parties to the adjudications, or which would substantially impair or impede the ability of other class members to protect their interests; and,

c. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final and injunctive relief with respect to the class.

## V. FACTUAL ALLEGATIONS

22. Defendants created The Playstation Network in 2006 as an optional online service for the Playstation consoles that facilitates online multiplayer gaming. Currently, the Playstation network has over 69 million users.

23. In addition to the online multiplayer gaming, The Playstation Network is also online virtual marketplace where users can purchase video games, add-on content, demos, themes, and game and movie trailers. As of September 2009, there have been over 600 million downloads from The Playstation Network online store.

24. The majority of Defendants' multimedia hardware can access The Playstation Network with an internet connection, such as: Playstation 3 ("PS3"), Playstation Portable System ("PSP"), Bravia Entertainment Television Systems ("TV"), Sony Personal Computers ("PC"), and Sony Blu-Ray Disk Players ("BR").

25. When registering and/or joining the The Playstation Network, individuals provide extensive financial and personal data to Defendants.

26. When registering and/or joining the The Playstation Network, consumers are able to create a "Master" account and "Sub-Accounts". When creating a "Master" account, the individual stores credit or debit card information in an online "Wallet" to facilitate online purchases. In addition, a consumer may create a "Sub Account" for minors. However the consumer must submit debit or credit card information to verify his identity.

27. In addition, Defendants continually monitor and record individuals' activities and purchases on the PSN and maintain said usage data in various computer databases.

28. On April 26, 2011, Defendants issued a "Consumer Alert" informing the public that Defendants "discovered that between April 17 and April 19, 2011, certain PlayStation

Network and Qriocity service user account information was compromised in connection with an illegal and unauthorized intrusion into our network."

29. Defendants' Consumer Alert also contained the following:

> Although we are still investigating the details of this incident, we believe that an unauthorized person has obtained the following information that you provided: name, address (city, state, zip), country, email address, birthdate, PlayStation Network/Qriocity password and login, and handle/PSN online ID. It is also possible that your profile data, including purchase history and billing address (city, state, zip), and your PlayStation Network/Qriocity password security answers may have been obtained. If you have authorized a sub-account for your dependent, the same data with respect to your dependent may have been obtained. While there is no evidence at this time that credit card data was taken, we cannot rule out the possibility. If you have provided your credit card data through PlayStation Network or Qriocity, out of an abundance of caution we are advising you that your credit card, number (excluding security code) and expiration date may have been obtained.

30. Despite knowledge of the data breach occurring between April 17, 2011- April 19, 2011, Defendants willfully chose not to inform their consumers of the breach for 7 days, or until April 26, 2011.

31. On April 26, 2011, The Wall Street Journal claimed that the breach could rank among the biggest in history.

32. Upon information and belief, Sony had the ability to enact additional safeguards to protect their consumers' sensitive financial information. Defendants Consumer Alert states that they have "[q]uickly taken steps to strengthen our network infrastructure by rebuilding our system to provide you with greater protection of your personal information."

33. Plaintiff Elfenbein has been a member of the Playstation Network since at least 2009 and has provided certain Financial Data and Personal Data to the Defendants by virtue of his membership in the Playstation Network. Likewise, Defendants maintain Usage Data related to Plaintiff's purchases and online activity at the Playstation Network. Thus, as a result of Defendants' actions, Plaintiff has had his Financial Data, Personal Data, and Usage Data compromised, he has had his privacy rights violated, and has been exposed to increased risk of fraud and identity theft.

34. Plaintiff Berman has been a member of the Playstation Network since at least 2008 and has provided certain Financial Data and Personal Data to the Defendants by virtue of his membership in the Playstation Network. Likewise, Defendants maintain Usage Data related to Plaintiff's purchases and online activity at the Playstation Network. Thus, as a result of Defendants' actions, Plaintiff has had his Financial Data, Personal Data, and Usage Data compromised, he has had his privacy rights violated, and has been exposed to increased risk of fraud and identity theft.

35. Plaintiff Castillo has been a member of the Playstation Network since 2006 and has provided certain Financial Data and Personal Data to the Defendants by virtue of his membership in the Playstation Network. Likewise, Defendants maintain Usage Data related to Plaintiff's purchases and online activity at the Playstation Network. Thus, as a result of Defendants' actions, Plaintiff has had his Financial Data, Personal Data, and Usage Data

compromised, he has had his privacy rights violated, and has been exposed to increased risk of fraud and identity theft.

36. The Federal Bureau of Investigation in San Francisco and other law enforcement agencies are investigating the security breach.

## VI. FIRST CAUSE OF ACTION

## NEGLIGENCE

## (Against All Defendants)

37. Plaintiffs hereby incorporate all of the preceding paragraphs by reference as if fully set forth herein.

38. Defendants assumed a duty, and had duties imposed upon them by regulations, to use reasonable care to keep Class members' Financial Data, Personal ID, and Usage Data private and secure. By their acts and omissions described herein, Defendants unlawfully breached this duty. The Class was damaged thereby.

39. The private information of the Class that was stolen or compromised by the breach of Defendants' security includes, without limitation, information that was being improperly stored and inadequately safeguarded in violation of, among other things, industry rules and regulations.

40. Defendants also failed to comply with Card Operating Regulations, including but not limited to the following:

a. The "Visa USA Cardholder Information Security Program (CISP)," which is similar to the PCI standards program,

b. The MasterCard International Bylaws and Rules, section 9.15.3 titled "Account, Cardholder and Transaction Data Must Be Kept Secure," which

states: “Merchants must keep all systems and media containing MasterCard account, cardholder, or transaction information (whether physical or electronic) in a secure manner so as to prevent access by, or disclosure to any unauthorized party. Merchants . . . must destroy all media not necessary to retain, in a manner that will render the data unreadable. Defendants violated this requirement because they failed to maintain customer information in a “secure manner so as to prevent access by . . . any authorized party.” Defendants also failed to "destroy all media not necessary to retain."

c. The MasterCard International Bylaws and Rules, section 9.15.7 titled “Storage of Account, Cardholder, and Transaction Data,” which states: “MasterCard permits storage of only the card account number, expiration date, cardholder name, and service code, in a secure environment to which access is limited, and then only to the extent that this data is required for bona fide purposes and only for the length of time that the data is required for such purposes”. Defendants violated this requirement because they failed to store cardholder information in a secure environment to which access was limited. Defendants also stored cardholder information for longer than necessary to complete the bona fide purpose for which the information was obtained.

41. The Card Operating Regulations created a duty of reasonable care and a standard of care that Defendants violated. Defendants’ violations of those standards and regulations, among others, constitute negligence per se.

42. The breach of security was a direct and proximate result of Defendants' failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect the nonpublic information of the Class. This breach of security and resulting unauthorized access to nonpublic information of the Class was reasonably foreseeable by Defendants, particularly (but not exclusively) in light of Defendants' litigation against a well-known and popular hacker.

43. Defendants were in a special fiduciary relationship with the Class by reason of their entrustment with Financial Data, Personal Data, information, and Usage Data. By reason of this fiduciary relationship, Defendants had a duty of care to use reasonable means to keep the nonpublic information of the Class private and secure. Defendants unlawfully breached this duty.

44. Pursuant to Class members' rights to privacy, Defendants had a duty to use reasonable care to prevent the unauthorized access, use, or dissemination of Class members' nonpublic information. Defendants unlawfully breached this duty.

45. Defendants' failure to comply with industry standards and regulations, the magnitude of the data breach (the largest in history), and the significant delay between the date of the intrusion and the date Defendants informed the public of the breach, all serve as concrete evidence of Defendants' negligence and other wrongful conduct in failing adequately to safeguard and monitor Defendants' computer systems to ensure the security of its customers' personal and financial data.

46. The compromise of the Class' nonpublic information, and the resulting burden, fear, anxiety, emotional distress, loss of time spent seeking to prevent or undo any further harm, and other economic and non-economic damages to the Class were the direct and proximate result of Defendants' violations of their duties.

47. Defendants also had a duty to publicly disclose the data compromise in a timely manner. Timely public disclosure was required so that, among other things, Plaintiffs and Class members could take appropriate measures to avoid unauthorized charges on their accounts, cancel or change usernames and passwords on compromised accounts, change their drivers' license numbers or state and military identification numbers, and monitor their account information and credit reports for fraudulent activity.

48. Defendants breached this duty by failing to notify the public in a timely manner that information was compromised.

49. Class members were harmed by Defendants' delay because, among other things, fraudulent charges have been made to Class members' accounts, and Class members have incurred time and money to dispute the charges with their banks. In addition, Class members have been unable to use The PlayStation Network since the initial breach, an essential service they expected to be able to utilize with the purchase of a PlayStation console at a significant cost.

50. Defendants knew or should have known that their computer systems for processing and storing Financial Data, Personal Data, and Usage Data information had security vulnerabilities. Defendants were negligent in continuing such data processing and storage in light of those vulnerabilities and the sensitivity of the data.

51. As a direct and proximate result of Defendants' conduct, Class members suffered damages including, but not limited to, those set forth above.

52. Plaintiffs and Class members have not in any way contributed to the security breach at The PlayStation Network or to the compromise or theft of their personal and financial data.

## VII. SECOND CAUSE OF ACTION

**BREACH OF CONTRACT TO A THIRD PARTY BENEFICIARY**

**(Against All Defendants)**

53. Plaintiffs hereby incorporate all of the preceding paragraphs by reference as if fully set forth herein.

54. Upon information and belief, Plaintiffs and the Class are third party beneficiaries of contracts entered into between Defendants and various third parties. These contracts require that Defendants safeguard the personal and financial information of Plaintiffs and the Class.

55. Defendants breached these contracts, and, as a result of these breaches, Plaintiffs and the Class have been harmed as alleged herein.

## VIII. THIRD CAUSE OF ACTION

**BREACH OF IMPLIED CONTRACTS**

**(Against All Defendants)**

56. Plaintiffs hereby incorporate all of the preceding paragraphs by reference as if fully set forth herein.

57. When providing personal and financial information to Defendants in order to transact business with Defendants and utilize The PlayStation Network, Plaintiffs and the Class entered into implied contracts with Defendants requiring that Defendants safeguard this information and notify them promptly of any and all theft of this information.

58. Without such implied contracts, customers (including Plaintiffs and the Class) would not have used their personal and financial information to transact business with Defendants.

59. Defendants breached these implied contracts, and, as a result of these breaches, Plaintiffs and the Class have been harmed as alleged herein.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, as individuals and on behalf of all those similarly situated members of the Class, pray for relief and judgment against Defendants, jointly and severally, as follows:

A. An order certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and declaring Plaintiffs as representatives of the Class and Plaintiffs attorneys as counsel for the class;

B. that this Court award judgment in favor of Plaintiffs and the Class, and against Defendants under the legal theories alleged herein;

C. that this Court enter damages to Plaintiffs and the Class, and against Defendants under the legal theories alleged herein;

D. that this Court award injunctive relief, including but not limited to: (i) the provision of credit monitoring and/or credit card monitoring services for the Class; (ii) the provision of identity theft insurance for the Class; and (iii) the requirement that Defendants enhance the security of its computer system to minimize the likelihood of intrusions in the future;

E. that this Court award restitution to the Plaintiffs and the Class;

F. that this Court award reasonable attorneys' fees, costs, and expenses associated with bringing and prosecuting this action;

G. that this Court award Plaintiffs and the Class pre-judgment and post-judgment interest at the maximum rate allowable by law; and

H. such other and further relief as this Court deems equitable, just and proper.

**JURY DEMAND**

Plaintiffs reserve their right to and hereby request a trial by jury on all matters so triable.

CONSUMER LAW CENTER, PLLC

Dated: 4/29/2011

By: s/Jeffrey A. Hank
Jeffrey A. Hank (P71152)
Andrew F. Ibrahim (P73552)
P.O. Box 1358
East Lansing, MI 48826
Telephone: (888) 490-8550
Facsimile: (888) 490-7750
E-mail: contact@ConsumerPractice.com

MANTESE HONIGMAN ROSSMAN AND WILLIAMSON, P.C.

By: s/David Honigman
David Honigman (P33146)
dhonigman@manteselaw.com
1361 E. Big Beaver Road
Troy, MI 48083
248-457-9200

ANDREW L. CAMPBELL
ATTORNEY AT LAW

By: s/Andrew L. Campbell
Andrew L. Campbell(P64391)
Hundy24@yahoo.com
653 S. Saginaw Street, Suite 201
Flint, MI 48502
(810) 232-4344